**MOBAY CHEMICAL COMPANY, a corporation, and Farbenfabriken Bayer Aktiengesellschaft, a corporation, Plaintiffs,**

v.

**HUDSON FOAM PLASTICS CORPORATION, a corporation, Hudson Foam Latex Products, Inc., a corporation, Shuffman International, Inc., a corporation, and Hudson Cush-N-Foam Corporation, a corporation, Oscar D. Shuffman and Fred Shuffman, Defendants.**

Civ. No. 128–327.

United States District Court
S. D. New York.
Sept. 1, 1967.

Ward, Haselton, McElhannon, Orme, Brooks & Fitzpatrick, New York City, for John H. Sutherland; Joseph M. Fitz-patrick, Lawrence F. Scinto, New York City, of counsel.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for defendants; Arnold I. Roth, New York City, of counsel.

## OPINION

SUGARMAN, Chief Judge.

John H. Sutherland moves pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C., for an order modifying certain injunctions entered in Civil Action No. 128–327. Defendants in that action, Hudson Foam Plastics Corporation, Hudson Foam Latex Products, Inc., Shuffman International, Inc., Hudson Cush-N-Foam Corporation, Oscar D. Shuffman, and Fred Shuffman, oppose the motion.

In Civil Action No. 128–327, movant, together with others, served as legal counsel for plaintiffs Mobay Chemical Company and Farbenfabriken Bayer Aktiengesellschaft. By an order in that action entered October 6, 1960 movant in his capacity as counsel was allowed to examine and copy certain so-called S documents which contained defendants' trade secrets. This order specifically provided, however, that the disclosure made by defendants was solely for the purpose of the then pending action and that movant make no disclosure of the contents of the S documents except with leave of the court.

Three further orders were, over the opposition of movant, subsequently entered on January 25, 1966. One of these, in part, directed: (a) that after execution of a "Settlement Agreement" and discontinuance of the action (both of which were in fact effected) the S documents be filed with the clerk of this court and kept in secrecy pending further order until January 21, 1984; (b) that movant be allowed to withdraw as counsel for plaintiffs, but that such withdrawal did not relieve him of any obligations which he incurred under the October 6, 1960 order; and (c) that movant destroy by burning all copies of

the S documents either in his possession or under his control.

Notwithstanding the foregoing order, movant did not destroy the copies of the S documents in his possession. His alleged justification for this disregard is that new facts have come to his attention, and that, accordingly, he has filed the instant motion to obtain modification of the outstanding injunctions so that he may, in the "public interest", disclose the contents of the S documents to the Commissioner of Patents.

The facts which movant alleges and upon which he relies are these: that movant read Application of Hutton, 53 C.C.P.A. (Patents) 923, 356 F.2d 111 (1966), subsequent to the entry of the order directing the filing of the S documents and the destruction of the copies thereof in movant's possession, but apparently prior to the actual filing of the S documents in this court; that movant recognized the identity of certain subject matter in *Hutton* with information contained in the S documents; that *Hutton* involves a pending patent application, Serial No. 158,613, which was not involved in Civil Action No. 128–327, but which is owned by Hudson Foam Plastics Corporation, a defendant in the aforesaid action; that the court in *Hutton* held that patent application Serial No. 158,613 was entitled to be involved in an interference with claim 2 copied from a patent to Ebneth; that the patent to Ebneth is in fact owned jointly by plaintiffs in Civil Action No. 128–327; that patent application Serial No. 158,613 is

a "division" of United States Patent No. 3,012,977, which is also owned by Hudson Foam Plastics Corporation; that United States Patent No. 3,012,977 has an effective filing date of May 16, 1956; that as a "division" of United States Patent No. 3,012,977 patent application Serial No. 158,613 is entitled to the same effective filing date of May 16, 1956; that movant examined the public record of the Patent Office in patent application Serial No. 158,613, as well as the record in *Hutton,* and found in each a common document, Exhibit C of the motion papers; that Exhibit C is a partial copy of one of the S documents, namely page 99 of a notebook numbered "6"; that the copy of page 99 in both the public record of patent application Serial No. 158,613 and in the record in *Hutton* has no date, i. e., that the date has been excised; that there is a date on the original of page 99, which is under seal with the clerk of this court; that the outstanding injunctions prohibit movant from disclosing this date; that the legal effect of this date in relation to the contents of said page 99 is a statutory bar to the patentability of the subject matter of patent application Serial No. 158,613; that such statutory bar arises out of the "public use" of said subject matter, by one or more defendants in Civil Action No. 128–327, more than one year prior to the filing of the application for patent No. 3,012,977;[1] that as a person having knowledge of the aforesaid public use movant is authorized under 37 CFR § 1.292[2] to petition the Commissioner of

---

1. 35 U.S.C. § 102, in material part, provides:

    "A person shall be entitled to a patent unless—

      *     *     *     *     *

    (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."

2. "§ 1.292 Public use proceedings.

    (a) When a petition for the institution of public use proceedings, supported by affidavits, is filed by one

having information of the pendency of an application and is found, on reference to the primary examiner, to make a prima facie showing that the invention involved in an interference or claimed in an application believed to be on file had been in public use or on sale one year before the filing of the application, or before the date alleged by an interfering party in his preliminary statement or the date of invention established by such party, a hearing may be had before the Commissioner to determine whether a public use proceeding should be instituted. If instituted, times may be set for tak-

Patents to institute "public use proceedings"; that in order to make the prima facie showing required under 37 CFR § 1.292 it is necesary for movant to have access to the original notebook numbered "6", in particular the cover and inside pages, page 8, pages 99–101, and such other pages as may be necessary to explain the notations, abbreviations, and coded handwriting contained in the notebook, and also to be allowed to disclose this information to the Commissioner of Patents.[3]

By affidavit of movant's attorneys, movant asks in the alternative that the court direct its clerk to forward the designated S documents in confidence to the Solicitor of the United States Patent Office; that the court request the Solicitor to render an opinion as to whether the documents establish a prima facie case of public use of claim 2 of defendants' patent application Serial No. 158,-613; and that, if an affirmative opinion is received, movant then be permitted access to the S documents and to disclose their contents at a public use proceeding.

Rule 60(b), in material part, provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding * *."

Defendants contend flatly that movant was not a party or a party's legal representative in the original action and that movant, therefore, within the purview of the rule, has no standing to make this motion. Movant, nevertheless, argues that he was in "privity" with plaintiffs and, accordingly, has standing.

■ In the court's judgment the phrase "legal representative" as used in Rule 60(b) does not include legal counsel within the context of the attorney-client relationship, and, therefore, cannot provide a basis of standing for mov-

ant. A "legal representative" is one "who stands in the place and stead of" another, such as an heir at law. Ingerton v. First National Bank and Trust Co. of Tulsa, 291 F.2d 662, 664 (10th Cir. 1961). Cf. Security Insurance Company of New Haven v. White, 236 F.2d 215, 219–220 (10th Cir. 1956).

The cases cited by defendants to the end that movant lacks standing because he was not a party to the original action are not precisely in point with the facts presently before the court. Screven v. United States, 207 F.2d 740 (5th Cir. 1953), and United States v. 140.80 Acres of Land, 32 F.R.D. 11 (E.D.La.1963), each involved plaintiffs who were not parties to a condemnation proceeding in which land was taken by the United States, but who subsequent to the proceeding alleged themselves to be the owners of the property and sought to set aside the judgment rendered. In each case it was ruled, *inter alia,* that the procedures available under Rule 60(b) to set aside a judgment were not available to persons who were not parties to the original proceeding. The instant motion differs inasmuch as movant is a person who, although not a party to the original action, was involved directly as counsel for plaintiffs and was in fact by name enjoined from specific acts.

■■ Movant urges the theory that he was in privity with plaintiffs in Civil Action No. 128–327. While there is support for the proposition that privity with a party provides a valid basis for standing under Rule 60(b), 7 Moore, Federal Practice 226–227 (and cases cited at p. 227, n. 33) (2d ed. 1966), it does not appear that movant was in privity with plaintiffs as that term is used in the authorities. Privity between persons denotes the relationship arising out of mutual rights or successive rights in the same property or interest, as, for exam-

---

ing testimony, which shall be taken as provided by §§ 1.271–1.286. The petitioner will be heard in the proceedings but after decision therein will not be heard further in the prosecution of the application for patent."

3. Movant's original papers asked that an injunction ordered in May, 1958 in Civil Action No. 128–327 also be modified. His attorneys, however, have since conceded that this order is not relevant to the issues in this motion.

ple, successors in a particular office, or assignee and assignor, or executor and testator. Acheson v. Albert, 90 U.S.App. D.C. 294, 195 F.2d 573 (1952); 72 C.J.S. Privity; Privies; Privy, pp. 954–962 (1951). Movant uses the term to describe what was in fact no more than a relationship of attorney-client between himself and plaintiffs. The court is aware of no authority that supports movant's approach, nor has movant supplied any.

Indeed, *Acheson*, supra, upon which movant relies, illustrates the court's view of privity rather than movant's. In that case there was review of a lower court judgment which declared that appellee-plaintiff was a citizen of the United States and which enjoined then Secretary of State Dean Acheson and his "successors in office" from denying appellee-plaintiff a passport on the ground that he was not a United States citizen. In affirming, the Court of Appeals noted that if the judgment became illegal or inequitable and enforcement was sought against future Secretaries of State relief might be had under Rule 60(b). Clearly, a future Secretary of State would be precisely a successor in interest to a prior Secretary of State and, therefore, in privity with him.

Movant also relies on Regal Knitwear Co. v. National Labor Relations Board, 324 U.S. 9, 65 S.Ct. 478, 89 L.Ed. 661 (1945). In that case the question presented was whether a cease and desist order of the National Labor Relations Board running against petitioner could be enforced without deleting the "successors and assigns" of petitioner from those enjoined. In upholding the order as worded the Supreme Court observed:

> "The Federal Rules of Civil Procedure provide that: 'Every order granting an injunction and every restraining order * * * is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or other-

wise.' This is derived from the common-law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in *'privity'* with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." (Emphasis added.) *Regal Knitwear* at pp. 13–14, 65 S.Ct. at p. 481.

■ The obvious difficulty of reliance on this case is that it, and more precisely the rule quoted therein, Fed.R.Civ. P. 65(d), deals with who may be *bound* by an injunction. In contrast, Rule 60 (b), in relevant part, is concerned with who may make a motion to *modify* an injunction. Neither Rule 60(b) nor Rule 65(d) indicates that the two rules are to be read together or that because one is bound under Rule 65(d) he has a right to bring a motion under Rule 60(b). The mere use of the term privity in *Regal Knitwear* in relation to Rule 65(d) adds nothing to movant's argument, especially inasmuch as there is no indication that the use of the term applies to the attorney-client relationship.

Movant's reliance on Alemite Mfg. Corporation v. Staff, 42 F.2d 832 (2d Cir. 1930), is also unfounded. That case involved an appeal by a respondent who had been found guilty of contempt of an injunction prohibiting one John Staff and "his agents, employees, associates, and confederates" from infringing or aiding or abetting the infringement of a certain patent. Respondent was originally named a party to the action in which the injunction issued, but thereafter suit was dismissed as to him. Respondent was, however, an employee of John Staff at the time the injunction issued. Later respondent established his own business and infringed the patent. In reversing the contempt order the Court of Appeals ruled:

> "(A) court of equity is as much so limited as a court of law * * *.

(I)ts jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court. Thus the only occasion when a person not a party may be punished, is when he has helped to bring about * * * an act of a party. This means that the respondent must either abet the defendant, or must be legally identified with him. * * *" *Alemite* at pp. 832–833.

■ Movant contends that *Alemite* supports the proposition that if he is considered not to be in privity with plaintiffs the injunctions are no longer binding upon him since he is no longer employed by plaintiffs. The simple answer is that unlike the respondent in *Alemite* movant was before the court in Civil Action No. 128–327, although not as a party. As counsel for plaintiffs movant noticed the "Notice of Deposition" on defendants which requested that the S documents be made available to plaintiffs. Subsequent to defendants' refusal to comply with the notice the court entered the October 6, 1960 order which compelled disclosure. As previously noted that order specifically enjoined movant from disclosing the contents of the S documents. Unquestionably, movant was aware of the order's limits inasmuch as he thereafter examined the S documents. If movant had any objections to the order as framed he had an opportunity to voice them. Not having done so he may not now be heard to say he is not bound. He has had a day in court.

■ Rule 60(b) on its face makes no provision for a motion to be brought by one in movant's position. In addition, movant has adduced no authority in point why the rule notwithstanding its literal language should be read so as to include one in his position. Therefore, the court believing itself to be bound by the provisions of the rule denies the motion.

■ It is to be observed that stripped to its essence movant's argument is that since the injunctions run personally against him he ought to have standing to seek their modification. However, even if it were found that movant has standing under Rule 60(b), movant's motion would be denied on the merits.

In United States v. Swift & Co., 286 U.S. 106, 114–115, 119, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932), the Supreme Court determined the grounds for modifying an injunction:

"We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions though it was entered by consent. * * * Power to modify the decree was reserved by its very terms, and so from the beginning went hand in hand with its restraints. If the reservation had been omitted, power there still would be by force of principles inherent in the jurisdiction of the chancery. A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need. * * * The distinction is between restraints that give protection to rights fully accrued upon facts so nearly permanent as to be substantially impervious to change, and those that involve the supervision of changing conduct or conditions and are thus provisional and tentative. * * * The result is all one whether the decree has been entered after litigation or by consent. * * * In either event, a court does not abdicate its power to revoke or modify its mandate if satisfied that what it has been doing has been turned through changing circumstances into an instrument of wrong. * * *

* * * * * *

"There is need to keep in mind steadily the limits of inquiry proper to the case before us. We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. * * * The inquiry for us is whether the changes are so important that dangers, once substantial, have become attenuated to a shadow. No doubt the defendants will be better off if the injunction is relaxed, but they

are not suffering hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression. Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned."

Movant argues that the change in conditions which has occurred is that defendants published the trade secret of the process illustrated in Exhibit C by permitting Exhibit C to be used in the appeal in *Hutton,* and that such publication waived any claim to trade secrecy of the process.[4] In substance, movant's argument is that since the only reason for enjoining disclosure of the contents of the S documents was to protect defendants' trade secrets, and since the right to secrecy has been waived by defendants, there is no longer any reason for the injunctions to remain in effect.

Further, movant argues that as a member of the Patent Bar he is under a professional duty to bring this motion in order to protect the public interest against the issuance of an invalid patent. Movant stresses that although anyone may petition to institute public use proceedings under 37 CFR § 1.292, a prima facie showing must be made, and that in view of the court's order forbidding disclosure of the contents of the S documents only movant who knows their contents has the requisite proof to make a prima facie showing. Therefore, he concludes, in light of the changed circumstances and his peculiar posture in the matter, the injunction should be modified so that he may make a disclosure to the Commissioner of Patents or the Solicitor of the Patent Office.

Defendants, on the other hand, stress that the Settlement Agreement in Civil Action No. 128–327 would not have been entered into unless the injunction against disclosure of their trade secrets had remained in force. They argue that if movant is permitted to disclose any one of these secrets a substantial part of the consideration which defendants received for the settlement will be destroyed.

Movant makes no contention that he will suffer any direct or immediate harm if the motion is denied. Rather, he brings the motion in order to protect the public interest, on his "own behalf as a member of the public and officer of the court and not on behalf of plaintiffs or any one of them". It is beyond dispute that the public interest is a prime interest in any patent proceeding. Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 816, 65 S.Ct. 993, 89 L.Ed. 1381 (1945). In this instance, however, the public interest is adequately provided for without the necessity of modifying the outstanding injunctions and depriving defendants of the claimed consideration for the Settlement Agreement.

The October 6, 1960 order provides:

"5. To the extent of defendants' disclosure pursuant to this order, the subject matter so disclosed shall be deemed to have been disclosed solely for the purpose of this action, and the subject matter of the disclosure shall be held in confidence, and neither it nor its equivalent shall be used or exploited by plaintiffs or either of them, during the pendency of this action or thereafter, unless the subject matter so disclosed:

\*　\*　\*　\*　\*　\*

"(b) has become so far known to the public as no longer to be secret."

If movant is correct in his argument that defendants waived their right to continuing secrecy of the process illustrated in Exhibit C by appealing in *Hutton,* then

---

4. As authority movant cites In re Sackett, 136 F.2d 248, 249, 30 C.C.P.A. (Patents) 1214, 1215 (1943):

"If appellant had a trade secret, it was his privilege to practice it in the usual manner, but when he asked for a patent on his alleged invention and brought the same into the public forum of the court, it is not such a right as a court (and especially this court under the circumstances) is authorized to protect."

plaintiffs may under the October 6, 1960 order disclose the date on page 99 (of the notebook among the S documents) which movant believes poses a statutory bar to the patentability of pending patent Serial No. 158,613. Since movant also contends that plaintiffs own the patent to Ebneth with which defendants have claimed an interference, plaintiffs in order to protect their own immediate interests have the most urgent reason for establishing a public use by defendants. Furthermore, even if the establishment of a public use would invalidate plaintiffs' patent for want of priority, such public use would insure that defendants do not have a controlling patent on the same process.

Significantly, it may be fairly assumed that plaintiffs are fully aware of all the arguments proffered in this motion since plaintiffs' attorneys were served with the moving papers and at one point even filed an affidavit. Clearly, there is no reason to believe the public interest will not be protected. And without a showing that the public interest is endangered, movant cannot show the "grievous wrong" which the Supreme Court in *Swift* held to be an essential ground for modification of an injunction. The motion, therefore, even if properly before the court, would be denied.

The motion is denied. It is so ordered.