**KEM MANUFACTURING CORPORA-
TION, Plaintiff-Appellee,**

**v.**

**Ray J. WILDER, and RJW, Incorporated, Defendants-Appellees,**

**Harold J. Gaines, Non-Party
Movant-Appellant.**

No. 86–7248.

United States Court of Appeals,
Eleventh Circuit.

June 1, 1987.

Clyde E. Riley, Rutledge & Kelly, P.C., Birmingham, Ala., Andrew P. Kirschner, Bedford, Kirschner & Venker, P.C., Atlanta, Ga., for nonparty-movant-appellant.

F. Clay Bush, Goodman & Bush, P.C., Atlanta, Ga., William J. Trussell, Church, Trussell & Robinson, P.C., Pell City, Ala., for Kem Mfg.

Before HILL and JOHNSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge:

This case presents an appeal from a district court's denial of a motion made pursuant to Federal Rule of Civil Procedure 60(b) by a nonparty, Harold J. Gaines.[1] Gaines alleges that the parties to this action committed fraud, both against him and on the district court, and that he must be granted standing under Rule 60(b) to argue these contentions to the district court. We reject his assertion that he has standing under Rule 60(b) and will affirm.[2]

## I

In July of 1981 Kem Manufacturing Corporation ("Kem") sued Ray Wilder and RJW, Inc., under various legal theories, including fraud, for allegedly converting Kem's business opportunities to his own benefit. The parties engaged in extensive discovery and the case was eventually tried over several weeks. The trial docket reflects that Harold J. Gaines was noticed for deposition and that his deposition was taken and used at trial. After trial the district court, with the parties' agreement, granted a partial mistrial as to a set of unanswered interrogatories and entered judgment to effectuate the remaining portion of the jury's verdict. The district court scheduled another trial limited to the remaining issues.

Some time later the district court allowed Wilder's counsel to withdraw from Wilder's representation (with a limitation not relevant here) and authorized Wilder to defend himself *pro se*. Kem's attorneys and Wil-

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. All citations to rules in this opinion are to the Federal Rules of Civil Procedure, unless otherwise indicated.

2. Before this court heard oral argument on the appeal Kem filed a motion to strike portions of Gaines's brief and asked for other relief, alleging that portions of the brief were "untrue and misleading," and alleging that the brief and its attachment violated a district court order denying a motion by Gaines to supplement the district court's record in the action: This court ordered that Kem's motion to strike and for other relief would be carried with the case. We have reviewed the material in question, as we must in order to decide the motion, and have determined that the material in no way alters our opinion. Thus Kem's motion is dismissed as moot. This dismissal does not, of course, in any way suggest that we condone the behavior of counsel in surreptitiously violating a district court order.

der acting *pro se* filed several motions on March 27, 1984, the cumulative effect of which, once granted, was to resolve the litigation by means of a confession of judgment in which Wilder in his personal capacity acknowledged that he breached his contractual fiduciary duty to Kem, and that actual damages amounted to $1,643,226.00. The confession of judgment also stated that the judgment entered against Wilder should include 12% interest to run from January 1, 1984. The court entered judgment accordingly on March 27, 1985, noting that "the amount contained [in Wilder's Confession of Judgment] is reasonable and not in excess of what the Plaintiff could reasonably expect to have obtained, under the facts and applicable law, had this case proceeded to trial."

On December 23, 1985, the appellant Gaines, who was not a party to the action, filed a motion under Rule 60(b) alleging that he was the "person most directly affected by the final judgment" and that the judgment was procured by fraud on the court. Gaines was at that time apparently the defendant in a suit in Alabama state court brought by Kem alleging that Gaines had made an oral agreement with Wilder to indemnify Wilder for any liability Wilder incurred in the case at bar. Gaines argued that Wilder and Kem's counsel had improperly inflated Wilder's liability and Kem's damages, with the intention of obtaining the entire damages from Gaines on the basis of the indemnity agreement. Gaines further argued that Kem's counsel had promised Wilder that Kem would not seek to collect any damages from Wilder.

The district judge who had entered the final judgment recused himself from the consideration of the motion. The district judge to whom the motion was then assigned denied the motion for relief under

Rule 60(b) after extensive briefing. The district court did not reach the allegations of fraud but denied the motion after finding in his accompanying memorandum opinion that "[i]t may be true that the judgment is unenforceable against Gaines for one or more of the reasons he has set forth, but this is not the proper forum in which to litigate that issue." The district court noted further that

> In order to recover in the state court action, plaintiff bears the burden of proving that an indemnification agreement existed, and that the facts and circumstances surrounding the issuance of the March 27, 1985, judgment against Wilder are legally sufficient to allow that judgment to bind Gaines. Each substantive ground Gaines has asserted while attempting to vacate this court's judgment is, in essence, a potential defense to the state court action. If they are proven to be true, state law may prohibit enforcement of the judgment against the nonparty. In short, it may be that although perfectly valid as to Wilder, the judgment may be unenforceable against Gaines.

Gaines appeals from that decision.[3]

## II

Gaines specifically invokes Rule 60(b)(3) covering allegations of fraud by an adverse party, 60(b)(4) covering void judgments, and 60(b)(6), the residual category allowing relief where justified for reasons not enumerated in the other specific categories.[4] Under the circumstances of this case, however, all of these challenges are barred. Quite simply, in order to bring a Rule 60(b) motion a person must have standing under that rule. Gaines does not.

Rule 60(b) provides in pertinent part that a "court may relieve *a party or his legal*

---

**3.** The district judge's order denying Gaines's motion to set aside the verdict also denied a motion by Gaines for a temporary restraining order. Gaines did not appeal from the denial of the temporary restraining order.

**4.** Rule 60(b) provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or

proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment.
Fed.R.Civ.P. 60(b).

*representative"* from a final judgment. (Emphasis added.) With the potential exception of claims of fraud on the court, which we discuss below, the general rule is that one must either be a party or a party's legal representative in order to have standing to bring any Rule 60(b) motion. *In re Lovitt,* 757 F.2d 1035, 1040 (9th Cir.), *cert. denied,* — U.S. ——, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985); *Dunlop v. Pan American World Airways, Inc.,* 672 F.2d 1044, 1051–52 (2d Cir.1982); *National Acceptance Co. v. Frigidmeats, Inc.,* 627 F.2d 764, 766 (7th Cir.1980); *Western Steel Erection Co. v. United States,* 424 F.2d 737, 738–39 (10th Cir.1970); *Screven v. United States,* 207 F.2d 740, 741 (5th Cir. 1953); *Mobay Chemicals Co. v. Hudson Foam Plastics Corp.,* 277 F.Supp. 413, 416–18 (S.D.N.Y.1967). Gaines is not a party; therefore his only possible basis for standing is as a party's legal representative.

■ The cases make clear that the term legal representative was intended to reach only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment. *See, e.g., Dunlop,* 672 F.2d at 1052; *Western Steel Erection Co.,* 424 F.2d at 739; *Mobay,* 277 F.Supp. at 416. The final judgment in this action does not directly affect any property or other legal right of Gaines. Nor does Gaines have any legal relationship with any party that makes him in any way a party's legal representative. Both parties in this litigation have their own counsel or are representing themselves, and thus Gaines cannot in any pragmatic sense be considered the representative of any party to this litigation. Indeed, his position is at odds with both parties to this litigation.

Implicitly realizing the force of these restrictions, Gaines falls back on two wrinkles in the standing requirement under the rule. The first, he asserts, is the rule that in some cases those in some form of privity with the party are granted standing under Rule 60(b). *E.g., Lovitt,* 757 F.2d at 1052;

*Mobay,* 277 F.Supp. at 416–18. Gaines suggests that a party's indemnitor under this exception has the necessary relationship to be considered in privity with the party for the purposes of Rule 60(b). Gaines claims that he qualifies for this exception because another party has claimed in ongoing litigation in another court that Gaines is Wilder's indemnitor.

■ Gaines's argument must fail. In the first place, the law is unclear regarding whether a party's indemnitor is in privity with a party to the litigation for the purposes of standing under Rule 60(b), and this alone represents a serious obstacle to Gaine's argument. It is not clear that the privity exception does any more than restate in different language the rule that persons tantamount to a party may be allowed standing. But even assuming, without deciding, that such a relationship would be sufficient to invoke the privity exception, Gaines himself *denies* that he is Wilder's indemnitor. Gaines cannot be considered an indemnitor. This is especially true where Gaines himself is presumably arguing in another court that there is no indemnity agreement, and where Gaines was quite clearly well apprised of this action during the course of its litigation. The final judgment here did not bind Gaines in any way, and it most particularly did not address, much less decide, the question of whether he is Wilder's indemnitor. Moreover, those questions are apparently already before an alternative forum well equipped to handle them; Gaines still has available an effective opportunity to raise any of the legal claims he asked to argue in the Rule 60(b) motion. Thus, under the circumstances of this case Gaines is not in privity with Wilder as that term is used in defining standing under Rule 60(b) and therefore has no standing to bring a Rule 60(b) motion.

■ The second fallback position that Gaines claims authorizes him to bring a Rule 60(b) motion is his assertion that movants arguing fraud on the court do not need to meet Rule 60(b)'s requirement that the movant be a party or his legal representative. There are cases that allow

standing to nonparties, *e.g.*, *Southerland v. Irons*, 628 F.2d 978, 980 (6th Cir.1980), but none of them even suggest that a district court must provide standing to every *nonparty* who makes a Rule 60(b) motion that asserts that there has been fraud on the court. In no case presented to us has a court provided standing to a nonparty unless that nonparty's rights were directly compromised by the final judgment. Thus, barring extraordinary circumstances (and we find none here), a nonparty only has standing to raise a challenge of fraud on the court if the nonparty's interests are directly affected by the final judgment. As we have already noted, Gaines is not in any way affected by the final judgment here. The final judgment here would in no way be an obstacle to a determination in any other action holding the alleged indemnity agreement to be unenforceable or finding that it never existed.

In *Southerland,* the case upon which Gaines most heavily relies, a trial court approved a settlement based upon the court's understanding that a nonparty's lien would be satisfied from the prevailing counsel's 50% contigent fee. *Southerland,* 628 F.2d at 979. The prevailing counsel then failed to make the payment to satisfy the lien and the nonparty filed a 60(b) motion alleging fraud on the court. The district court found that a fraud had been committed and reallocated the settlement proceeds. *Id.* at 979. The Sixth Circuit affirmed, holding that the movant's status as a nonparty did not preclude it from bringing a 60(b) motion challenging fraud on the court. *Id.* at 980. In the case at bar, on the other hand, Gaines was not bound in any way by the judgment, nor was he promised anything. Gaines's position was not even mentioned or discussed, and the judgment in no way affected it.

In sum, under the facts of this case the district judge was perfectly correct to deny the 60(b) motion without an evidentiary hearing because as a matter of law Gaines did not have standing to bring the Rule 60(b) motion. Gaines chose not to attempt to enter into the earlier litigation despite his knowledge of it, and he has an alternative forum in which to argue that fraud

should render the judgment unenforceable against him. As the district judge noted, refusing to hear Gaines's Rule 60(b) motion does not deprive Gaines of the effective opportunity of making every argument in the ongoing state litigation that he has asked to make in the district court. Rule 60(b) motions exist to allow district courts to "preserve the delicate balance between the sanctity of final judgments and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir.1984) (citing *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (emphasis in *Bankers Mortgage Co.*)). Here the judgment of its own power in no way binds Gaines. Thus his interest in obtaining a just result in any litigation that does affect his rights is in no way implicated. The district court properly construed the law in denying Gaines an opportunity to argue his Rule 60(b) motion.

### III

In accordance with this opinion, the district court's order is AFFIRMED.