830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bonnie Lynn DOWNING, Plaintiff-Appellant,
v.
John CAMP, Defendant-Appellee.
 No. 86-6092
 United States Court of Appeals, Sixth Circuit.
 October 1, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Having examined the record and briefs, we agree unanimously that oral argument is not required in this case. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Bonnie Lynn Downing filed this diversity action for damages on March 26, 1985, against John Camp, her former attorney. Camp filed an answer on April 26, 1985.
 
 
 3
 Pursuant to Local Rule 11, Middle District of Tennessee, Downing was required to prepare a proposed scheduling order within 14 days after Camp filed his responsive pleading or within 80 days from the date the complaint was filed, whichever occurred earlier.
 
 
 4
 In 1986, Camp filed both a motion to dismiss and a motion for summary judgment. Downing never responded to either of these motions. The court granted the defendant's motion to dismiss for failure to prosecute and for noncompliance with Local Rule 11 because no proposed scheduling order was filed.
 
 
 5
 More than a year before the case was actually dismissed, plaintiff was admonished by the court to promptly prepare the scheduling order. Plaintiff ignored this admonishment. Further, plaintiff never responded to defendant's motion to dismiss nor did plaintiff respond to defendant's motion for summary judgment.
 
 
 6
 Here our review is limited to a determination of whether the district court abused its discretion in dismissing the plaintiff's complaint. See Consolidation Coal Co. v. Gooding, 703 F.2d 230 (6th Cir. 1983). We affirm.
 
 
 7
 The record reflects a pattern of delay and conduct sufficient to support the dismissal.
 
 
 8
 The district court also denied plaintiff's motion for recusal. It is well settled that a judge's action in previous litigation in which the movant was a party is not grounds for disqualification. 28 U.S.C. Secs. 144 and 455(a); United States v. Story, 716 F.2d 1088 (6th Cir. 1983); Southerland v. Irons, 628 F.2d 978 (6th Cir. 1980).
 
 
 9
 The judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.