Philip J. **SCUTIERI**, et al., Plaintiffs,

v.

**ESTATE of Philip REVITZ,**
**et al., Defendants.**

No. 83–2432–CIV.

United States District Court,
S.D. Florida.

June 25, 1993.

Lewis N. Brown, and Timothy D. Henkel, Gilbride, Heller & Brown, P.A., Miami, FL, for plaintiffs.

William J. Berger, Hughes, Hubbard & Reed, Miami, FL, for Tew, Berger & Bluestein.

Guy B. Bailey, Jr., Bailey, Hunt, Jones & Busto, Miami, FL, for Bailey, Hunt, Jones & Busto.

Frank Sinagra, Haley, Sinagra & Perez, Miami, FL, for defendants.

## ORDER

NESBITT, District Judge.

This cause comes before the court upon the May 26, 1993 Report and Recommendation filed by Magistrate Judge William C. Turnoff. After careful consideration of the report and objections, and a *de novo* review of the record, it is

ORDERED and ADJUDGED that the Report and Recommendation is adopted as an order of this Court. Accordingly, Bailey, Hunt, Jones & Busto's motion for rehearing and for charging lien is denied.

DONE and ORDERED.

## REPORT AND RECOMMENDATION

TURNOFF, United States Magistrate Judge.

This Cause was referred to the undersigned United States Magistrate Judge by the Honorable William M. Hoeveler [1], United States District Judge, for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Pending before this Court are motions relating to purported attorneys' charg-

ing liens (D.E.[2] 395, 633*). Oral argument on Bailey, Hunt, Jones & Busto's *Motion to Rehear or Reclarify Order* (D.E. 395) was heard before the undersigned on April 15, 1992. For reasons which will be set out below, oral argument is unnecessary as regards Tew, Berger and Bluestein's *Motion for Charging Lien* (D.E. 633*) [3].

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed account of the underlying facts of this lengthy lender liability case is unnecessary to the resolution of the pending motions. The relevant facts have their inception in a sixteen-week trial before Judge Hoeveler which concluded in August, 1988. Portions of this case dealing with counterclaims of the mortgagors were submitted to the jury, while the foreclosure action, as an equitable cause, was tried to the Court. The jury returned a verdict in favor of Plaintiffs in the approximate amount of $14.3 million and Judge Hoeveler entered a Final Judgment pursuant to this verdict (D.E. 331). Judge Hoeveler also entered a "Final Judgment of Foreclosure" (D.E. 583*) encompassing those claims tried to the bench, granting recovery to Southeast Bank in the total amount of $10,789,574.60.

The order granting foreclosure was challenged by various parties to the litigation and, on November 26, 1991 Judge Hoeveler granted a motion brought pursuant to Federal Rule of Civil Procedure 59(a)(2) (D.E. 627*). In so doing, Judge Hoeveler vacated his previous order of foreclosure and entered a new *Final Judgment Denying Foreclosure* (D.E. 388) [4].

---

1. Judge Hoeveler recused himself from these consolidated cases on March 15, 1993. The cases were reassigned to the calendar of Judge Lenore C. Nesbitt on March 25, 1993.

2. Although these cases are consolidated, and all pleadings should appear in both files, there are some pleadings which appear only in one file. Except where indicated with an asterisk, docket entry numbers refer to those in the lower-numbered case, 83–2432–CIV–NESBITT. Those numbers followed by an asterisk refer to case number 84–2303–CIV–NESBITT.

The court notes that these multi-volume files were, during the pendency of these motions, er-

roneously sent to the Federal Records Center in Atlanta. This necessitated a time-consuming search and retrieval. Additionally, several documents were lost and remain missing from the file. These problems account for the lengthy delay between oral argument and the issuance of this Report and Recommendation.

3. Accordingly, Tew, Berger's *Motion for Hearing* (D.E. 636*) is DENIED.

4. The basis for this reversal was that the court was bound by certain findings of fact made by the jury in the instant case and by various other fact-finders in related proceedings. *See Findings*

Following the entry of this final order, the law firm of Bailey, Hunt, Jones & Busto [BHJ & B] filed a motion styled *Motion by Holder of Recorded Attorney's Lien to Rehear and/or Reclarify November 26th Order and Judgments Insofar as Attorney's Lien is Concerned; Motion to Enforce Attorney's Lien* (D.E. 395). On its face, this motion is brought pursuant to Rules 59 and 60 relating to the amendment of final judgments and seeks some acknowledgment by the court of BHJ & B's purported charging lien and a reservation of jurisdiction over this lien for the purpose of adjudicating BHJ & B's rights. Plaintiffs oppose this motion on several grounds.

During the pendency of BHJ & B's motion, the dissolved law firm of Tew, Berger & Bluestein [TB & B] filed a similar motion (D.E. 633*), seeking enforcement of a charging lien. TB & B alleges that this lien arises from the settlement of a fee dispute between Plaintiffs and TB & B. The settlement agreement, entered into in 1987, allegedly provides that TB & B shall have a charging lien in this case and others. Plaintiffs oppose this motion on the grounds that notice of the alleged lien was untimely.

## ANALYSIS

### I. *BHJ & B's Motion to Rehear or Reclarify*

BHJ & B served as Plaintiff's counsel of record in these cases (and, apparently, other related matters) for some undetermined period in the early 1980s. On March 31, 1987, Plaintiffs moved to substitute the law firm of Gilbride, Heller & Brown as their attorneys of record.[5] At the time of its withdrawal from the case, BHJ & B filed a *Notice of Lien* (D.E. 418*) which purports to "claim a lien for [BHJ & B's] services upon the Complaint in the ... action and upon any judgment rendered therein for Plaintiffs...." BHJ & B claimed this lien "in accordance with" its retainer agreements with Plaintiffs.

In its motion, BHJ & B quotes extensively from the retainer agreement and argues that
> [t]he contracts provide that BHJ & B have a right to receive certain portions of "gross receipts and value earned or received and/or of savings achieved" by the "individual client or any related entity, whether directly or indirectly."

BHJ & B's *Motion to Rehear* (D.E. 395) at 3.

As noted above, BHJ & B makes this motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59 allows a court to grant a new trial or alter or amend the final judgment on motion of "all or any of the parties." Subpart (e) provides that a "motion to alter or amend the judgment shall be served not later than 10 days after the entry of judgment." Rule 60 provides for the alteration of a judgment, on motion of a party, for a variety of reasons including, *inter alia*, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. The motion to correct on any of these grounds must be made within one year of the entry of judgment.

■ First, although not addressed by either party here, there is a question as to BHJ & B's standing under Rule 59 or 60. Rule 59 applies to "parties" and Rule 60 refers to "a party or a party's legal representative." BHJ & B's sole basis for appearing in this case is that it represented Plaintiffs several years ago. There is no question that it is not a party. The Eleventh Circuit has held that a non-party lacks standing to bring a Rule 60(b)[6] motion. *Kem Manufacturing Corp. v. Wilder*, 817 F.2d 1517 (11th Cir. 1987).

Furthermore, "the term legal representative [is] intended to reach only those individuals who [are] in a position tantamount to that of a party or whose legal rights [are] otherwise *so intimately bound up with the parties* that their rights [are] directly affected by the final judgment." *Id.* at 1520 (emphasis added). Here, although BHJ & B

---

*of Fact and Conclusions of Law* (D.E. 630*) for a more complete discussion.

5. No order pursuant to this motion can be located in the record, but this firm was substituted and remains of record in this action.

6. Since Rule 59 refers only to parties, and is thus more restrictive that Rule 60, it is logical to conclude that the same analysis applies.

claims an interest in the final judgment, that interest is not in any way connected with the interests of the parties. Indeed, the firm's interests might well stand in direct conflict with the interests of the parties. Given what the Court of Appeals has called "the force of these restrictions," *Id.,* BHJ & B's non-party status appears to preclude the relief it seeks.

▪ Assuming that the interest claimed by BHJ & B is sufficient to grant it standing to bring such a motion, however, there remain further grounds for denial. As to the judgment entered in 1989 upon the jury's verdict, BHJ & B's motion is not timely. Such a motion *must* be made within, at the most, one year from the entry of judgment.[7] Although the post-judgment motions in this case extended the court's activity for several years, the final judgment entered in regard to the jury verdict on Plaintiffs' legal claims for damages has remained unchanged since 1989. As regards this portion of the case, this court no longer has any authority to alter the judgment.

Therefore, BHJ & B's motion is timely only as to the conceptually distinct 1991 final judgment, entered after Judge Hoeveler vacated the previously entered final judgment regarding Southeast Bank's foreclosure claims. This 1991 judgment denied foreclosure on various properties held by Plaintiffs. Although it rendered some benefit to Plaintiffs in that it released these properties from the threat of foreclosure, the 1991 judgment did not award a monetary sum.

▪ It is unclear what interest BHJ & B could now claim in this particular judgment. An attorney's charging lien "attaches to the proceeds of the judgment or settlement or to any *funds recovered* by an attorney for his client." 4 Florida Jurisdiction 2d § 161 (citing *Randall v. Archer* 5 Fla. 438 (1854) and *Kucera v. Kucera* 330 So.2d 38 (Fla.Dist.Ct.App.1976)) (emphasis added). In the absence of statutory authority or an express contractual provision, an attorney's charging lien may not attach to a client's real property, even if the property was the sub-

ject of the litigation. *Billingham v. Thiele,* 107 So.2d 238 (Fla.Dist.Ct.App.1958), *cert. dismissed,* 109 So.2d 763 (Fla.1959). Here, the express contract between BHJ & B and Plaintiffs did not provide for such a lien to attach to real property. Therefore, BHJ & B cannot now claim an interest in the 1991 final judgment which dealt only with real property.

There is Florida case law which suggests that a motion to enforce a charging lien may be enforced at any time after the entry of judgment. *See Nichols v. Kroelinger,* 46 So.2d 722 (Fla.1950). Thus, BHJ & B appears to be claiming a right to enforce its purported lien regardless of the entry of two final judgments which make no reference to or reservation of jurisdiction over BHJ & B's claims. Inasmuch as attorneys' charging liens pursuant to Florida law have been recognized by the Federal Courts in this Circuit, *Doggett v. Deauville Corp.,* 148 F.2d 881 (5th Cir.1945), the undersigned will address the merits of this particular claim.

▪ Florida law as regards attorneys' charging liens is not codified. One Florida case explicitly sets out the requirements to impose such a lien:

[T]he attorney must show: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an *avoidance of payment or a dispute as to the amount of fees;* and (4) timely notice.

*Daniel Mones, P.A. v. Smith,* 486 So.2d 559 (Fla.1986). BHJ & B has produced its written contract with Plaintiffs which clearly meets the first two of these requirements. Notably absent from BHJ & B's motion and replies, however, is any discussion of the alleged dispute or avoidance of payment by Plaintiffs. In fact, it is entirely unclear from the pleadings before the court exactly what it is that BHJ & B now seeks to recover and why. As far as can be determined, BHJ & B has not pointed out any avoidance of pay-

---

7. A motion under Rule 59(e) must be made within ten days after the entry of the final judgment. Under Rule 60(b) a party has up to one year to file such a motion. These time periods are mandatory and jurisdictional. *See Tarlton v. Exxon,* 688 F.2d 973 (5th Cir.) *cert. denied,* 463 U.S. 1206, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1982).

ment by Plaintiffs. Instead, it appears to be making some claim for a percentage of the admittedly large recovery obtained on the basis of the 1989 jury verdict. Without some further evidence of the dispute or avoidance of a fee, the requirements for a charging lien have not been met.

■ Furthermore, Florida law requires that an attorney's charging lien be based on the recovery *obtained by* the attorney. "It is not enough ... to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client since the lien will attach only to the tangible fruits of the services." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So.2d 88, 91–92 (Fla.Dist. Ct.App.1987) (footnote omitted). BHJ & B's participation in this case was limited. Although its actions in the case were no doubt of great value, it cannot be said that the firm "produced" the favorable result. This, too, provides a basis for denying BHJ & B's claims.

■ Finally, the imposition of a charging lien is an equitable remedy. *See Mones*, 486 So.2d at 562 (Boyd, C.J., concurring in part and dissenting in part). Under general principles, equity will not be employed where there exists an adequate remedy at law. The attorney's charging lien was created in order to prevent the necessity of an attorney bringing a separate action against a client in order to obtain fees. As such, the charging lien is used as an efficient means of resolving a dispute that might otherwise be costly to settle.

This reasoning does not support the imposition of a charging lien in the instant action. The enforcement of BHJ & B's purported lien is *not* an efficient means of resolving the claim that BHJ & B is entitled to some recovery from its former clients. Taking such action now would merely add a further layer of confusion, expense, and delay to an already overly-complex and lengthy case which ought now to be closed.

In declining to enforce such a charging lien, one federal court has held, "the court and the opposite parties to the case ought not to be unduly delayed or vexed by a collateral dispute between an attorney and his client. Necessarily there must be a discretion to be exercised according to the circumstances." *Doggett*, 148 F.2d at 883. The equities lie against taking up the admittedly complex issues raised by BHJ & B's claims. BHJ & B have an adequate legal remedy: they may bring a suit against their former clients and raise whatever claims they may have. Accordingly, the undersigned recommends that BHJ & B's motion be denied.

## II. *TB & B's Motion for Charging Lien*

On February 24, 1993, the dissolved law firm of Tew, Berger & Bluestein [TB & B] filed its *Motion for Charging Lien* (D.E. 633*). This motion comes almost four years after the final judgment on the jury verdict and almost two years after the final judgment denying foreclosure. Furthermore, unlike BHJ & B, TB & B did not file a contemporaneous notice of lien in this case, thereby providing notice of its then-inchoate claims pursuant to a settlement agreement with Plaintiffs. In fact, apparently in recognition of this oversight, TB & B filed such a notice *concurrently* with the instant motion to enforce (D.E. 635*).

■ A failure of timely notice is fatal to a claimed attorney's charging lien. *Mones*, 486 So.2d 559. "In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." *Id.* at 561. An attorney claiming a charging lien is "obligated to notify his clients in some way before the close of the original proceeding that he intend[s] to pursue the charging lien." *Id.*

■ Clearly TB & B has failed to meet the requirements of timely notice. Its first action in regard to the case at bar was almost two years after the entry of final judgment. Although this case has remained open due to BHJ & B's pending motions, this case proceeded to final judgment many years ago. Accordingly, TB & B's motion should be denied.

## RECOMMENDATION

Based on the foregoing, it is hereby REC-OMMENDED that:

1) BHJ & B's *Motion by Holder of Recorded Attorney's Lien to Rehear and/or Reclarify November 26th Order and Judgments Insofar as Attorney's Lien is Concerned; Motion to Enforce Attorney's Lien* (D.E. 395) be DENIED; and

2) TB & B's *Motion for Charging Lien* (D.E. 633*) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties may serve and file written objections with the Honorable Lenore C. Nesbitt, United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. See *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982).

RESPECTFULLY RECOMMENDED, in Chambers, at Miami, Florida, this ___ day of ___, 1993.