The COUNTY OF OAKLAND, by George W. KUHN, the Oakland County Drain Commissioner, Alice L. Schoenholtz, David Snyder, and all other persons similarly situated who are end users of the Detroit Sewage System, Plaintiffs,

v.

VISTA DISPOSAL, INC., et al., Defendants,

and

The United States of America, Auxiliary Defendant.

No. 86–74656.

United States District Court, E.D. Michigan, S.D.

Dec. 23, 1993.

Elizabeth W. Fleming, U.S. Attorney's Office, Detroit, MI, for the U.S.

Robert P. Hurlbert, Dickinson, Wright, Moon, Van Dusen & Freeman, Bloomfield Hills, MI, for Oakland County.

### ORDER DENYING THE UNITED STATES' MOTION TO SET ASIDE DEFAULT

GADOLA, District Judge.

On March 27, 1993, this court entered a default judgment against Vista Disposal, Inc. ("Vista") and in favor of Oakland County. On February 26, 1993, plaintiff Oakland County filed a petition for proceedings supplementary to judgment, naming the United States as auxiliary defendant. The United States sought dismissal of that motion under Fed.R.Civ.P. 12(b)(6). On June 21, 1993, this court entered an opinion and order denying the United States' motion to dismiss, and holding that Oakland County was entitled, under the principles of procedural due process, to a hearing on its petition for remission.[1] Concerned that the March 27, 1993 default judgment might have some preclusive effect within these remission proceedings, the United States now brings a motion under Fed.R.Civ.Pro. 60(b)(4) seeking to set it aside.

In order to bring a Rule 60(b) motion a person must have standing under that rule. *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1519 (11th Cir.1987). Rule 60(b) provides "On motion and upon such terms as are just, the court may relieve *a party or his legal representative* from a final judgment, order or proceeding for the following reasons: ... (4) the judgment is void; ...." Fed.R.Civ.P. 60(b) (emphasis added). The United States is not a party to the judgment; therefore its only possible basis for standing is as Vista's legal representative.

The term legal representative applies to "only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment." *Id.* at 1520, citing *Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044, 1051–52 (2d Cir.1982); *Western Steel Erection Co. v. United States*, 424 F.2d 737, 739 (10th Cir. 1970); *et al.* The United States' relationship to Vista is as the possessor of assets that once belonged to Vista and/or its owner/operators. The United States acquired the Vista assets by way of a criminal forfeiture proceeding against the owners/operators of Vista

---

1. On September 19, 1984, in accordance with the procedures then in place under 18 U.S.C. § 1963(c), Oakland County submitted to the Attorney General a petition for remission of the forfeited property. In that petition, Oakland County claimed that, as a result of the RICO conspiracy, it had suffered overcharges in a total amount of $7,507,500. On April 23, 1993, the Attorney General denied Oakland County's 1984 petition for remission without a hearing. In its petition for proceedings supplementary to judgment, Oakland County asked this court for relief from that denial. The court held that Oakland County had stated a claim upon which relief could be granted and denied the United States' motion to dismiss.

under 18 U.S.C. § 1963.[2] Thus, the United States' relationship to Vista and its owners/operators is and has long been adversarial. Moreover, because the government's interest in the Vista assets derives from 18 U.S.C. § 1963, it is distinctly different in nature from Vista's interest.

Under these facts, it is impossible for this court to find that the United States is in a position tantamount to that of Vista with respect to Oakland County's claim, or that its rights are so intimately bound up with Vista's rights that it may be allowed to act as the legal representative of Vista for purposes of defending Vista against Oakland County's RICO claim. Because the United States has no standing either as a party to the judgment or as a party's legal representative, the court shall not consider the government's claim that the judgment is void as a matter of law.

■ The government, however, need not concern itself with the default judgment against Vista; the judgment can have no preclusive effect against the United States as to any issue the United States may wish to raise and argue with regard to the adjudication of Oakland County' petition for remission.[3] In order for Oakland County to assert collateral estoppel either defensively or offensively, it would have to show, *inter alia*, that the issue was actually litigated. *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981). Default judgments do not fulfill this "actually litigated" requirement and therefore have no collateral estoppel effect. *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983), *citing Spilman*, 656 F.2d at 228; *Commonwealth of Massachusetts v. Hale*, 618 F.2d 143, 146 (1st Cir.1980); *Matter of McMillan*, 579 F.2d 289, 293 (3rd Cir.1978).

Oakland County argues that the judgment against Vista can be used in the remission proceedings for the purpose of establishing that Oakland County was injured in the amount of the default judgment; Oakland County claims that this is so because the government merely stands in the shoes of Vista as a constructive trustee of any monies that Vista illegally acquired from Oakland County. In order for the government to be deemed a constructive trustee, however, Oakland County must first prove that it was injured by the RICO conspiracy. On the issue of injury, Oakland County is not entitled to use the default judgment against Vista to prove its case against the United States.

■ In its April 27, 1993 motion to dismiss, the United States had argued that Oakland County could not claim any interest in the forfeited Vista assets because it is nothing more than a judgment creditor of Vista and as such, has no standing to assert a claim to forfeited assets. In its June 21, 1993, this court found that "under Michigan law, plaintiff's interest in the forfeited property, *if any be found,* would have existed in the form of a constructive trust." *County of Oakland by Kuhn v. Vista Disposal, Inc.*, 826 F.Supp. 218, 223 (E.D.Mich.1993) (emphasis added). Oakland County's constructive trust interest, if proven, is superior to the possessory interest of the wrongdoer (in this case, Vista). *Id.* The government, through forfeiture, simply steps into Vista's shoes. *Id.* at 224. A constructive trust is an equitable remedy that is imposed where property is acquired by fraud, undue influence, or other circumstances that render it unconscionable for the wrongdoer to retain title or the benefits derived therefrom. *Id.* at 223. Thus, in order for a constructive trust to be imposed in this case, it must first be proven by a preponderance of the evidence that property belonging to Oakland County (in this case, monies) was acquired by Vista through wrongdoing (in this case, the RICO conspiracy of its owners/operators).

Arguably, the default judgment against Vista constitutes a finding that Vista's owner/operators injured Oakland County through

---

2. The owners/operators of Vista were Darralyn Bowers, Jerry Owens, Sam Cusenza, and Joseph Valentini. Bowers, Cusenza, and Valentini were convicted by a jury in criminal action no. 83–60070 of conspiring to violate the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Oakland County subse-quently filed a civil suit under 18 U.S.C. § 1964, alleging that it was injured by the RICO conspiracy.

3. A hearing on Oakland County's statement of claim is scheduled for January 20, 1994.

the RICO conspiracy and therefore, that the monies obtained by Vista through the conspiracy were held by Vista in constructive trust for Oakland County. Beyond the confines of its claim against Vista, however, this finding of injury has no collateral estoppel effect because the issue of injury was never actually litigated.[4] Thus, in order for Oakland County to recover any portion of the forfeited monies under a theory of constructive trust, Oakland County must first prove, as an element of its claim against the United States, that it was injured by the criminal activities of Vista's owners/operators.

## ORDER

Therefore, it is hereby **ORDERED** that the United States' motion to set aside the March 27, 1993 default judgment against Vista and in favor of Oakland County, is **DENIED**.

**SO ORDERED.**

**4.** Furthermore, the United States was not and could not have been a party to the litigation between Oakland County and Vista. Oakland County appears to be arguing on the one hand that the United States should have intervened to contest the finding of injury in the case between Oakland County and Vista because the injury finding ultimately renders the United States' interest in the property to be subordinate to Oakland County's interest. At the same time, Oakland County makes the contradictory argument that the United States is not in a position to challenge the default because it was not a party to the judgment nor in a position to act as a party's (that is, Vista's) legal representative.