## AMERICAN FEDERATION OF TOBACCO-GROWERS, Inc. v. ALLEN.

### No. 6193.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 9, 1951.

Decided Jan. 26, 1951.

T. Ryland Dodson and R. Paul Sanford, Danville, Va. (Fowler & Dodson, Danville, Va., on brief), for appellants.

Edwin B. Meade, Danville Va. (Meade & Talbott, Danville, Va., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and WEBB, District Judge.

## PER CURIAM.

This is an appeal in a proceeding ancillary to a suit under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 to 7, 15 note, fixing fees of counsel and directing their payment out of an amount which had been collected in compromise of the liability of defendant for damages and attorneys' fees. The facts established by the testimony are fully stated in the findings of the court below and need not be repeated here. It is sufficient to say that after the filing of the opinion of this court in American Federation of Tobacco Growers v. Neal, 4 Cir., 183 F.2d 869, reversing the decision of the court below and remanding the case with direction to grant injunctive relief and determine the issue of damages, the case was settled. $57,000 was paid in settlement, which was to cover attorneys' fees as well as damages, and it was provided that final judgment should be entered in accordance with the settlement.

The sum of $15,000 had been discussed between counsel as the amount of attorneys' fees which should be included in the settlement; and while no specific amount of the $57,000 paid in settlement was stated to be in payment of attorneys' fees, $15,000 was paid therefrom by plaintiff to local counsel. $7,500 of this amount, however, was in payment of services other than services in this case. No amount was paid therefrom to associate counsel who had been leading counsel in the handling of the case and who had received only $1,250, which had been paid as part of his retaining fee. At the conclusion of the settlement, plaintiff sent check for $1,250 to associate counsel in settlement of the balance due on his fee, but he refused to accept it. This was not a part of the $15,000, all of which was retained by local counsel. On hearing that the case had been settled and that it was proposed to exclude him from any further payment of fees except the $1,250 remaining due on his retainer, associate counsel filed a petition in the cause asking that the court fix the fees in the case and protect his interests therein. The court after hearing evidence found that a reasonable fee in the case was $15,000 and that the petitioning attorney was entitled to one-half thereof less $1,250 theretofore received by way of retainer, and directed that plaintiff pay same to him from the amount received in settlement and refused to enter final judgment in the case until this should be done.

Assuming, as we do, that the controversy over the fee was the result of honest misunderstanding on the part of plaintiff and local counsel, we think nevertheless that the order appealed from was clearly justified by the record and well within the power of the court. The $57,000 received

by plaintiff embraced settlement for attorneys' fees to which plaintiff's attorneys in the case were entitled; and plaintiff may not include such fees in the settlement and then ignore the rights of counsel therein. It is argued that the controversy over fees is one which the parties should settle in the state courts as there is no diversity of citizenship; but the controversy is ancillary to the handling of a case in the federal court, the attorney who alleges that he has been mistreated is an officer of the court engaged in the handling of the case there pending, and the controversy relates to funds received by a party in a settlement of the case, which will not be settled and out of court until final judgment is entered, and this has not yet been done. If the settlement had brought the $57,000 into the treasury of the court, no one would dispute its power to fix the fees of counsel and direct their payment; but it is manifest that the court's power in the premises is no less merely because one of the parties before the court has taken the funds into its own possession instead of having them paid into the hands of the clerk.

Affirmed.