Edward W. TAYLOR, Appellant,

v.

Sidney H. KELSEY, Appellee.

In re Charles G. ADAMS, Jr., et al.,

v.

LIFE SCIENCE PRODUCTS
COMPANY, et al.

No. 81–1215.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 4, 1981.

Decided Dec. 7, 1981.

---

**54**

James A. Eichner, Richmond, Va. (Beale, Eichner, Wright, Denton & Shields, Richmond, Va., on brief), for appellant.

Thomas W. Williamson, Jr., Richmond, Va. (Emanuel Emroch, Emanuel Emroch & Associates, Richmond, Va., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

PER CURIAM:

This appeal involves a fee dispute between two Virginia attorneys who were representing litigants in a district court action. One attorney, Edward W. Taylor, attempted to invoke the ancillary jurisdiction of the district court to obtain a resolution of the dispute. The court dismissed the claim, and Taylor now appeals. We affirm.

The allegations of Taylor's complaint are as follows: Sidney Kelsey, a Norfolk, Virginia, attorney, instituted an action against Allied Chemical Corporation and others on behalf of a large group of plaintiffs who were damaged when the defendants released the pesticide Kepone into the James River at Hopewell, Virginia. In August, 1979, Kelsey decided to bring in Taylor, a Richmond, Virginia attorney, as co-counsel because of Taylor's prior experience in Kepone litigation. Correspondence between the two indicates that Taylor was to receive one-third of Kelsey's contingent fee if the case settled, and one-half of the fee if the case went to trial.

In October, 1979, Allied Chemical proposed a settlement.[1] Kelsey decided that he no longer needed Taylor's assistance, and informed Taylor that their association was terminated. Taylor asserted that he was entitled to one-third of the contingent fee, and gave written notice of his claim for an attorney's lien pursuant to Virginia Code § 54-70.

On April 2, 1980, Taylor filed a motion to intervene in the Kepone litigation and to add Kelsey as an intervenor for the purpose of settling the fee dispute. The district court found that the dispute bore no relationship to the Kepone litigation and had no effect upon either the litigants or the outcome of the case. The court further found that it did not have control of the funds in controversy, and that neither judicial economy nor fairness militated in favor of federal jurisdiction. Upon these findings, the court concluded that the fee dispute was outside its ancillary jurisdiction.

We agree with the district court. The fee dispute did not arise as a matter of necessity from anything which occurred in the proceedings of the Kepone litigation, nor did the district court have control over the fee in the sense that the court was required to establish and distribute a fee. Instead, the controversy arose purely from a private contract dispute between two Virginia residents. Under these circumstances, we see no basis for ancillary jurisdiction. *See Fairfax Countywide Citizens Association v. County of Fairfax*, 571 F.2d 1299 (4th Cir. 1978); *Bounougias v. Peters*, 369 F.2d 247 (7th Cir. 1966).

Accordingly, the order of dismissal entered by the district court is affirmed.

AFFIRMED.

---

1. The case ultimately settled in September, 1980.