**Robert HEIST, Plaintiff,**

v.

**Richard J. JACOB, et al., Defendants.**

**Alan EFROS, Plaintiff,**

v.

**Richard J. JACOB, et al., Defendants.**

**Nos. C–3–82–184, C–3–82–254.**

United States District Court,
S.D. Ohio, W.D.

Nov. 26, 1985.

Armistead W. Gilliam, Jr., Dayton, Ohio, for Ira Rubin.

Robert Stachler, Cincinnati, Ohio, for Douglas G. Cole.

DECISION AND ENTRY FINDING JURISDICTION AND STANDING REGARDING PLAINTIFF'S ATTORNEY RUBIN'S MOTION FOR RELIEF FROM JUDGMENT AWARDING ATTORNEY'S FEES AND COSTS; HEARING DATE AND BRIEFING SCHEDULE ON REMAINING ISSUES SET

RICE, District Judge.

This case is presently before the Court on Plaintiff's Attorney Rubin's Motion for Relief from Judgment Awarding Attorney's Fees and Costs (Doc. # 233). Briefly stated, Mr. Rubin's motion is based upon his contention that a valid agreement regarding division of attorney fees awarded in the present action existed between himself and Mr. Douglas Cole, of the law firm Strauss, Troy, Ruehmann. Mr. Rubin alleges that Mr. Cole mislead him into not notifying the Court of this agreement prior to its Decision and Entry Awarding Attorney's Fees and Costs (Doc. # 222), and as a result thereof, Mr. Rubin was deprived of a substantial portion of the fees he would have been entitled to under the alleged agreement.

The Memorandum in opposition to Attorney Ira Rubin's Motion for Relief and Judgment Awarding Attorney's Fees and Costs (Doc. # 236) argues that the Court has no jurisdiction over Rubin's motion and that Rubin has no standing to move under Federal Rule of Civil Procedure 60(b). That Memorandum further argues that the Rule 60(b) motion was not timely filed, and even if timely, it does not state grounds for relief because the alleged contract was rescinded and/or void.

■ Upon examination of both parties' arguments, the Court finds that it has jurisdiction over this motion, and that Mr. Rubin has standing to bring same before this Court.

■ The Sixth Circuit has held that district courts have broad powers of supervision over awards of attorney fees:

[W]here an attorney recovers a fund in a suit under a contract with a client provid-

ing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund.

*Krause v. Rhodes,* 640 F.2d 214, 218 (6th Cir.1981) (quoting *Garrett v. McRee,* 201 F.2d 250, 253 (10th Cir.1953)); *see also Smillie v. Park Chemical Co.,* 710 F.2d 271, 275 (6th Cir.1983) ("An award of attorney fees lies within the sound discretion of the district court."); *McAdams v. Ross,* 705 F.2d 455 (6th Cir.1982) ("On the jurisdictional issue, it is clear that a federal court is empowered to administer a fund produced by federal court litigation."). District courts may exercise this general ancillary jurisdiction over disputes among counsel regarding fee splitting agreements. *See, e.g., In Re Agent Orange Products Liability Litigation,* 611 F.Supp. 1452, 1455–56 (S.D.N.Y.1985).

█ Furthermore, Mr. Rubin has standing to raise the attorney's fees issue to the Court. In *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980), the Supreme Court discussed the basis of the "common fund" theory of attorney fees:

> [A] litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.

Essentially, the attorney has a claim against the fund for services rendered. It is uncontroverted in the present case that Mr. Rubin rendered legal service that helped to create the fund herein. He was a party to the decision, relief from which his motion is directed. His Motion for Relief from Judgment is based upon rights vested in him, not his client, and therefore he has standing to enforce those rights.

Thus, the Court finds that it has jurisdiction over the alleged agreement regarding division of attorney fees, and that Mr. Rubin has standing to raise his claims thereunder to the Court. Because additional fact-finding regarding the issues of the timeliness of Mr. Rubin's 60(b) motion and the possible rescission of the fee splitting agreement are necessary before the Court can form any conclusion on these issues, a hearing will be had to allow the parties to present evidence on these issues. Said hearing will be had beginning at 1 p.m. on Wednesday, January 29, 1986, in Courtroom # 1, Ninth Floor, 200 West Second Street, Dayton, Ohio. The parties will be requested to submit to the Court within 20 days of this hearing memoranda of law regarding the legal validity of the alleged agreement, any alleged rescission thereof and the law of any other issue(s) raised at that hearing.

Discovery will be ongoing until the close of business on Monday, January 20, 1986. No final pretrial conference will be held, unless one or both counsel advise this Court that, in their opinion, such a conference would be helpful to better "streamline" the hearing set for January 29. Should the discovery process or the thought process of either counsel indicate that the Court's statement of the issues to be explored at the hearing (set forth above) is incomplete or incorrect, the Court should be so advised by letter, with a copy sent to opposing counsel.