ployer's decision to promote justified by superior qualifications.)

The necessity for a close working relationship must be emphasized. There are no interceding officers between Chief Karabas and the four sergeants, and plaintiffs do not challenge that they would be working closely with the Chief and be required to implement his orders. Plaintiffs' personal animosity and distrust of their superior is clearly inimical to an efficient operation and management structure of the police department. Obviously, plaintiffs' attitude toward their chief could translate into ineffectiveness and disloyalty where an intimate relationship between supervisory officers and chief is critical. The situation here is therefore much the same as discussed in *Germann v. City of Kansas City,* 776 F.2d 761, 765 (8th Cir.1985), and the cases cited therein, observing that "personal loyalty to the chief was critical to the management structure of the ... department."

Plaintiffs in this case by their testimony have given sufficient cause for them legitimately to be passed over in favor of Hubbard.

Plaintiffs have therefore failed to bear their ultimate burden of proving discrimination. *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); *Hohe v. Midland Corp.,* 613 F.Supp. 210, 213 (E.D.Mo.1985). There was no evidence of discrimination here. The reason for Hubbard's promotion was not pretextual and served as a legitimate basis for defendant's action.

Plaintiffs suggest that UMSL's statistics for its overall hiring policies for professors within the school bolster their claim of race discrimination policies. These statistics are of little or no worth in this particular situation, where, clearly, no discrimination is shown to exist in the particular department of plaintiffs' employment. *Anderson v. University of Northern Iowa,* 779 F.2d 441, 443 (8th Cir.1985).

Judgment for defendant.

William J. **RHOADES**

v.

Raymond K. **PROCUNIER.**

Civ. A. No. 82–0643–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 14, 1986.

Stephen W. Bricker, Bremner, Baber & Janus, Richmond, Va., for plaintiff.

Neil A.G. McPhie, Dennis L. Montgomery, Asst. Attys. Gen., Richmond, Va., for defendant.

OPINION AND ORDER

WARRINER, District Judge.

Presently under consideration by the Court is the question of whether this Court has jurisdiction over a dispute between plaintiff and his trial counsel regarding some matters in connection with attorney's fees and costs.

On 8 November 1985, plaintiff filed a motion requesting the Court to order a lawyer who had represented plaintiff in

this civil rights action to reimburse plaintiff the sum of $6,602.50, an amount he asserted was due him under a retainer contract into which he entered with his lawyer respecting services in this case. On 19 November 1985, plaintiff's lawyer filed a motion to dismiss, to which plaintiff responded on 27 November 1985. On 17 November 1985, I ordered the parties to file additional briefs citing authority regarding the Court's jurisdiction over this matter. Those briefs were timely submitted by both parties.

The facts are not substantially in dispute. Plaintiff's lawyer represented plaintiff in a tort claim against defendant Procunier. At the commencement of the lawyer-client relationship, counsel required plaintiff to pay a retainer of $5,000.00 and to advance costs as they were incurred. Costs so advanced by plaintiff amounted to $1,602.50. Judgment was granted plaintiff in the trial court and defendant appealed. Pending appeal the parties reached a settlement in the amount of $110,000, plus counsel fees of $16,500 and costs of $1,977.50. Plaintiff's lawyer sought to disburse the funds recovered so as to pay the fee earned by his firm and to cover unreimbursed costs advanced. The balance of $91,522.50, less taxes and FICA, was paid to plaintiff by his lawyer. The instant dispute contests the particulars of that disbursement. Mr. Rhoades contends that his lawyer improperly retained from the recovery the sum of $6,602.50, which should have been paid out to plaintiff.

In 1980, Judge Merhige decided a case having some similarity with the instant case. In *Adams v. Allied Chemical Corp.*, 503 F.Supp. 253 (E.D.Va.1980), *aff'd sub nom.*, *Taylor v. Kelsey*, 666 F.2d 53 (4th Cir.1981), one Adams had brought an action against Allied Chemical Corporation and others, seeking compensation for damages allegedly sustained from defendants' pollution of the James River. In August 1979, Adams' lawyer, Kelsey, entered into an agreement with Edward Taylor, a Richmond lawyer, providing for Taylor's assistance to Kelsey in preparing for and conducting the trial of the action. As consideration for his services, Taylor was to receive one-third of Kelsey's contingent fee if the case were to settle before trial and one-half of the contingent fee should the case go to trial. In October 1979, the case was settled before trial and Kelsey discharged Taylor and refused to pay him any part of the fee. Taylor asserted in the pending action that he was entitled to one-third of Kelsey's fee; Kelsey resisted. 503 F.Supp. at 254.

Judge Merhige found that there existed no independent basis for jurisdiction over the dispute between Taylor and Kelsey, and that the Court could hear plaintiff's claim, if at all, only under the doctrine of ancillary jurisdiction. *Id.* Judge Merhige proceeded to note that "in certain circumstances a federal court may assume ancillary jurisdiction over a claim for attorney's fees arising out of a matter properly before the Court." *Id.* at 255. Those circumstances include a situation in which a court's order is conditioned upon payment of attorney's fees or "where the claim relates to assets in the actual or constructive possession of the Court." *Id.* Judge Merhige concluded that:

> [T]here is no connection between the underlying action and the instant fee controversy which would justify an assumption of ancillary jurisdiction. The subject matter of the contractual dispute between the two attorneys has no relation whatever to that of the concluded diversity action; the Court does not have possession or control of the funds against which Taylor has asserted a lien; and none of the parties to the underlying action have any interest in the outcome of this controversy. Additionally, considerations of judicial economy and fairness do not militate in favor of federal jurisdiction.

*Id.*

The Fourth Circuit affirmed Judge Merhige's decision. Its reasoning in full was as follows:

> We agree with the district court. The fee dispute did not arise as a matter of

necessity from anything which occurred in the proceedings of the ... litigation, nor did the district court have control over the fee in the sense that the court was required to establish and distribute a fee. Instead, the controversy arose purely from a private contract dispute between two Virginia residents. Under these circumstances, we see no basis for ancillary jurisdiction.

*Taylor v. Kelsey,* 666 F.2d at 54 (citing *Fairfax Countywide Citizens Association v. County of Fairfax,* 571 F.2d 1299 (4th Cir.1978) and *Bounougias v. Peters,* 369 F.2d 247 (7th Cir.1966)).

In Adams, Judge Merhige referred to a 1951 case, *American Federation of Tobacco Growers, Inc. v. Allen,* 186 F.2d 590 (4th Cir.1951), in which the Fourth Circuit had found ancillary jurisdiction on facts similar to those in *Adams.* In *Allen,* a settlement of $57,000 had been reached, $15,000 of which had been paid to local counsel as the fee due plaintiff's counsel. Foreign counsel, who actually had been lead counsel, received nothing from local counsel in the way of a share in the fee. Foreign counsel thereupon petitioned the court to fix attorney's fees in the case and to award him his proper share. The court, after hearing evidence, found that a reasonable fee was $15,000 and that the foreign attorney was entitled to one-half of that amount. *Id.* at 591. The Fourth Circuit affirmed the district judge's decision, holding that the order appealed from was "well within the power of the court." *Id.* The Court went on to hold that:

> [T]he controversy is ancillary to the handling of a case in the federal court, the attorney who alleges that he has been mistreated is an officer of the court engaged in the handling of the case there pending, and the controversy relates to funds received by a party in a settlement of the case, which will not be settled and out of court until final judgment is entered, and this has not yet been done. If the settlement had brought the $57,000 into the treasury of the court, no one would dispute its power to fix the fees of counsel and direct their payment; but it

is manifest that the court's power in the premises is no less merely because one of the parties before the court has taken the funds into its own possession instead of having them paid into the hands of the clerk.

*Id.* at 592.

Judge Merhige in *Adams v. Allied Chemical Corp.* distinguished *Allen,* noting that in *Allen* "one of the parties to the fee dispute was a party to the underlying action," whereas in *Adams* such was not the case. *Adams,* 503 F.Supp. at 255. Judge Merhige went on to state that, "This Court has serious misgivings in concluding that the mere fact that the instant issue arose during the course of a case properly before it, gives rise to the invocation of ancillary jurisdiction," and therefore he declined to exercise jurisdiction over the controversy in *Adams. Id.* at 256.

The action presently before the Court is factually and legally more similar to *American Federation of Tobacco Growers v. Allen* than it is to *Adams v. Allied Chemical Corp.* The lawyer involved here "is an officer of the Court engaged in the handling of the case, ... the controversy relates to the funds received by a party in settlement," and the party "who alleges he was mistreated" was the plaintiff in the underlying lawsuit. As in *Allen* the fund was paid to counsel for disbursement rather than to the clerk. The only significant difference is that this action was settled on appeal from final judgment while *Allen* was still pending in the trial court.

My reading of *Taylor v. Kelsey* is that the Fourth Circuit did not intend to and in fact did not overrule its holding in *Allen.* The Fourth Circuit's holding in *Allen* requires this Court to retain ancillary jurisdiction over the fee dispute in this case.

*Allen* is consistent with guiding principles delineated by Judge Merhige in *Adams* for determining whether the district court may exercise ancillary jurisdiction over a fee dispute such as the one in the instant case. See *Adams v. Allied Chemical Corp.,* 503 F.Supp. at 255. Although

this Court does not have "possession or control" of the disputed funds, there is no question that the subject matter of the dispute between plaintiff and his attorney bears a relation to the concluded principal action, and that one of the parties to the underlying action, *i.e.*, plaintiff, has an interest in the outcome of the immediate controversy as does counsel of record. The factors listed by Judge Merhige in *Adams v. Allied Chemical Corp.* favor this Court's retaining jurisdiction over this fee dispute.

Plaintiff's lawyer is an officer of the Court and was one at the time the principal action was in litigation. This Court is obligated to look into allegations of misconduct of an officer of the Court which arise from proceedings before this Court. The purpose of such investigation is to enable plaintiff to recover funds wrongfully withheld by an officer of the Court should plaintiff's allegations be found to be true; to remove any cloud over plaintiff's lawyer's name that might have resulted from plaintiff's allegations should those allegations be found untrue; or to resolve an unfortunate misunderstanding between counsel and client should that, the most likely alternative, prove to be the circumstances of this case.

For these reasons, this Court will exercise ancillary jurisdiction over the dispute between plaintiff and his lawyer. The lawyer's motion to dismiss is DENIED. Since this Court is exercising ancillary jurisdiction over the claim, plaintiff is not required to file a separate action in this Court, nor is plaintiff required to serve a summons and complaint to give notice of the commencement of a separate action. Furthermore, plaintiff has alleged sufficient facts to preclude a dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The parties are DIRECTED to contact my secretary to arrange a hearing with respect to plaintiff's motion to recover withheld funds.

And it is so ORDERED.