Christopher FOSTER, Plaintiff,

v.

**BOARD OF TRUSTEES OF BUTLER COUNTY COMMUNITY COLLEGE, et al., Defendants.**

Gregory A. CLARK, Plaintiff,

v.

**BOARD OF TRUSTEES OF BUTLER COUNTY COMMUNITY COLLEGE, et al., Defendants.**

Civ. A. Nos. 89–1169–T, 89–1094–T.

United States District Court, D. Kansas.

June 21, 1991.

MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the motion of attorney Marlys Marshall to settle and determine attorneys' fees. Doc. 159. These consolidated personal injury actions were tried to a jury in February 1991. Marshall represents plaintiff Christopher Foster. On February 27, 1991 the jury returned a verdict finding plaintiff Clark 10% at fault and defendants 90% at fault. Damages in the amount of $2,257,-000 were awarded to plaintiff Foster and in the amount of $302,000 to plaintiff Clark. After reducing the judgment by Clark's 10% fault, the court entered judgment in the amount of $2,031,300 in favor of Foster and $271,800 in favor of Clark. The present dispute over entitlement to attor-

neys' fees then arose. After the entry of judgment, plaintiff Foster entered into a settlement with the defendants. The entire amount of the settlement was paid into court. Plaintiff Foster has received his share of the settlement funds.

Marshall's motion to settle and determine attorneys' fees alleges that the attorney Richard D. DiCicco of Wickliffe, Ohio ("Di-Cicco"), Fred Weisman of the law firm Weisman, Goldberg, Weisman & Kaufman, of Cleveland, Ohio ("Weisman"), and the law firm of Michaud, Hutton & Bradshaw ("the Michaud firm") have asserted competing and conflicting claims to the fee she is entitled to receive from the settlement funds. DiCicco, Weisman, and the Michaud firm have filed responses to Marshall's motion. Doc. 166, 167. The court held a status conference on May 30, 1991.

On the same day that they filed their responsive pleadings in this court, Andrew W. Hutton, Mark B. Hutton, and Arden J. Bradshaw, d/b/a the Michaud firm, DiCicco, and Weisman filed suit against Marshall. This suit, filed in the Eighteenth Judicial District Court, Sedgwick County, Kansas, alleges that Marshall breached her employment contract with the Michaud firm and breached a fee splitting contract with DiCicco and Weisman. The Michaud firm seeks judgment against Marshall for an amount equal to the fees and costs payable from the judgment or settlement of the Foster case, an accounting, and various forms of declaratory relief. DiCicco and Weisman seek damages in excess of $10,000, a restraining order requiring Marshall to deposit with the clerk of the district court all fees received in connection with the representation of Foster, and declaratory relief. *See* Doc. 166, Exh. C.

Marshall cites several cases as authority for the court's exercise of jurisdiction over the attorneys' fee dispute. Two of the cited cases are common fund cases. *Heist v. Jacob*, 627 F.Supp. 224 (S.D.Ohio 1985); *In re Agent Orange Product Liability Litigation*, 611 F.Supp. 1452 (E.D.N.Y.1985), *rev'd*, 818 F.2d 216 (2d Cir.) (reversing on the merits of the attorneys' fee dispute), *cert. denied*, 484 U.S. 926, 108 S.Ct. 289, 98 L.Ed.2d 249 (1987). A litigant who recovers a common fund for the benefit of persons other than himself is entitled to a reasonable attorney's fee from the fund. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980). The common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Id.; see Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir.), *cert. denied*, 488 U.S. 822, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988). Jurisdiction over the fund allows the court to prevent unjust enrichment by assessing attorney's fees against the entire fund, spreading fees proportionately among those benefited by the suit. *Boeing Co. v. Van Gemert*, 444 U.S. at 478, 100 S.Ct. at 749.

The criteria of the common fund exception are met when each member of a class has an undisputed and mathematically ascertainable claim to a part of a lump-sum judgment recovered on his behalf. Once the class representative has established the defendant's liability and the total amount of damages, the members of the class may obtain their share of the recovery by proving their individual claims. *Id.* at 479, 100 S.Ct. at 749. The district court, which has jurisdiction over the fund, has jurisdiction to determine the amount of the attorneys' fees which shall be paid from the fund. The district court has jurisdiction over a fee-sharing dispute between attorneys following settlement of the underlying litigation. *See In re Agent Orange Product Liability Litigation*, 611 F.Supp. at 1455–57. In the *Agent Orange* case, the district court exercised jurisdiction over the dispute under the common fund doctrine, the court's disciplinary power over attorneys practicing before it, and Fed.R.Civ.P. 23(e) governing the settlement of class actions. The *Agent Orange* case was a common fund case. It is not clear whether *Heist v. Jacob* was a common fund case; however, the court relied on the common fund doctrine to exercise jurisdiction over the attorneys' fee dispute. 627 F.Supp. at 225–26.

This is not a common fund case. No common fund was recovered to be divided among a group of plaintiffs. The common fund cases cited by plaintiffs are therefore inapplicable. Both sides to this dispute seem to agree that the court has jurisdiction, if at all, under the doctrine of ancillary jurisdiction.

DiCicco, Weisman, and the Michaud firm argue that the court should not exercise ancillary jurisdiction, citing 28 U.S.C. § 1367. Added by the Judicial Improvements Act of 1990, section 1367 provides in pertinent part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a)–(c). This statute applies to civil actions commenced on or after December 1, 1990. Pub.L. No. 101–650, sec. 310(c), 104 Stat. 5089, 5114. Since this civil action was filed in 1989, the statute is inapplicable.

Additionally, the statute is inapplicable by its terms. Under subsection (b), the district court in diversity cases does not have supplemental jurisdiction over claims by plaintiffs against parties or claims by persons seeking to become plaintiffs under certain provisions of the Federal Rules of Civil Procedure, if the exercise of jurisdiction would be inconsistent with the requirement of complete diversity. 28 U.S.C. § 1367(b). The jurisdictional issue presented to the court does not involve claims by the plaintiff (Foster) against parties, nor are any persons seeking to be joined as plaintiffs or to intervene as plaintiffs. The court acknowledges, however, that complete diversity of citizenship is lacking between the two sides to this attorneys' fee dispute.

The exercise of ancillary jurisdiction is discretionary. *Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1365 (7th Cir.1990); *see Giardono v. Jones*, 867 F.2d 409, 414 (7th Cir. 1989) (pendent jurisdiction).

Courts have exercised ancillary jurisdiction over disputes between attorneys and clients over the proper amount of attorneys' fees due to the attorneys for work performed in the underlying litigation. *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir.1988); *Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217 (3d Cir.), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987); *520 East 72nd Commercial Corp. v. 520 East 72nd Owners Corp.*, 691 F.Supp. 728, 737 (S.D.N.Y.1988), *aff'd with-*

*out published op.,* 872 F.2d 1021 (2d Cir. 1989); *Rhoades v. Procunier,* 624 F.Supp. 564, 567 (E.D.Va.1986); *Petition of Rosenman Colin Freund Lewis & Cohen (Sherrier v. Richard ),* 600 F.Supp. 527, 531 (S.D.N.Y.1984), *rev'd on other grounds,* 850 F.2d 57 (2d Cir.1988); *see Jackson v. United States,* 881 F.2d 707 (9th Cir.1989) (government challenge to validity of contingency fee contract between plaintiffs and their attorney); *Pay Television of Greater New York, Inc. v. Sheridan,* 766 F.2d 92, 94 (2d Cir.1985) (fees owed to withdrawing attorney); *In re Air Passenger Computer Reservations Systems Antitrust Litigation,* 724 F.Supp. 744 (C.D.Cal.1989) (dispute among plaintiffs over responsibility for payment of their attorneys' fees); *Starobin v. Randolph Computer Corp.,* 689 F.Supp. 323, 325–26 (S.D.N.Y.1988) (indemnification claim by defendant against third party defendant for attorneys' fees from underlying action).

Other than in the settlement of class actions, courts have declined to exercise ancillary jurisdiction over disputes between attorneys as to the proper division of fees earned in the underlying litigation. *Adams v. Allied Chemical Corp.,* 503 F.Supp. 253 (E.D.Va.1980), *aff'd, Taylor v. Kelsey,* 666 F.2d 53, 54 (4th Cir.1981) (per curiam) (fee splitting agreement); *In re Hijacking of Pan American World Airways, Inc. Aircraft at Karachi International Airport, Pakistan on September 5, 1986,* 698 F.Supp. 479, 482 (S.D.N.Y.1988) (court would not ordinarily exercise ancillary jurisdiction to settle fee dispute between law firm and former member, assuming the court had such jurisdiction); *see Sederquist v. Court,* 861 F.2d 554, 557 (9th Cir.1988) (no ancillary jurisdiction over separate action to recover attorneys' fees from nonparties to the first action). If the fee dispute does not arise as a matter of necessity from anything which occurred in the underlying proceedings, if the district court is not required to establish and distribute a fee, and if the dispute arises purely from a private contract between attorneys, there is no basis for ancillary jurisdiction. *Taylor v. Kelsey,* 666 F.2d at 54.

The Tenth Circuit has established the following test for determining whether to exercise ancillary jurisdiction:

(1) an ancillary matter should arise from the transaction that was the basis of the principal proceeding, during the course of the principal proceedings, or as an integral part of the main proceedings; (2) the federal court should be able to determine the matter without a substantial new factfinding proceeding; (3) failing to determine the matter should not deprive a party of any important procedural or substantive right; or (4) the matter should be decided in order to protect the integrity of the principal proceeding or insure that its disposition is not frustrated.

*Jenkins v. Weinshienk,* 670 F.2d 915, 918 (10th Cir.1982) (citing *Morrow v. District of Columbia,* 417 F.2d 728, 740 (D.C.Cir. 1969)). "Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction." *Id.* (emphasis omitted); *see also Garrick v. Weaver,* 888 F.2d 687, 690 (10th Cir.1989). The present dispute does not involve a determination of the legal fees a party (Foster) owes his attorney(s).

■ Applying the factors noted above, the court concludes that it should not exercise ancillary jurisdiction over this fee dispute. First, the fee splitting dispute among counsel did not arise from the transaction which gave rise to this lawsuit (the automobile accident). Nor is it an integral part of the main proceeding (which has since concluded). The dispute did not arise from anything which occurred in the proceedings of the underlying litigation. Rather, the dispute arose from Marshall's representation of Foster after she left the Michaud firm.

Second, the court would be unable to resolve the fee splitting dispute without substantial factfinding. The contract claims of DiCicco, Weisman and the Michaud firm will have an impact on the proper division of fees. These other attorneys are entitled to assert their claims of

breach of contract against Marshall. These claims may require extensive discovery. The parties may be entitled to a jury trial on all issues properly triable to a jury.

Third, this court's failure to decide the fee dispute will not deprive any of the parties to this action of any rights. In fact, the parties to this action are not involved in the fee dispute. Finally, the fee dispute need not be decided to protect the integrity of the underlying litigation or to insure that its disposition is not frustrated.

The court does have control over the fee to the extent that the disputed funds have been paid into court. The court does not, however, have control over the fee in the sense that the court is required to establish a fee. The court does not normally require that settlement funds be paid into the clerk's office for disbursement.

The dispute involves a contractual matter. The Michaud firm alleges that Marshall breached her employment contract by taking the Foster case with her. Weisman and DiCicco allege that Marshall breached their fee splitting agreement. The court is familiar with the subject matter of the underlying litigation and the quality of the work performed by Marshall in the courtroom. The court believes that the results achieved by Marshall speak volumes about the high quality of the work she performed at trial. However, the court has no knowledge of the extent of pretrial preparation, who performed the pretrial work, where it was performed, the contractual fee terms, or the relationships among the disputant attorneys.

Neither judicial economy nor convenience of the parties are impacted in the present dispute. The state court lawsuit is pending at the Sedgwick County Courthouse, which is also located in Wichita. After a consideration of all these factors, the court declines to exercise ancillary jurisdiction over Marshall's motion to settle and determine attorneys' fees.

IT IS BY THE COURT THEREFORE ORDERED that Marlys A. Marshall's motion to settle and determine attorneys' fees (Doc. 159) is hereby denied.

IT IS FURTHER ORDERED that the court shall retain custody of the disputed funds pending a resolution of the state court case by judgment or a settlement agreement approved either by the state court judge or the undersigned judge.