**RAYYA ABDALLAH and DAVID ABDALLAH as next of kin of BABY BOY ABDALLAH and on their own personal behalf, Plaintiffs**

**v.**

**WILBUR CALLENDER, M.D. and GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 1988-246

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 21, 1993

## MEMORANDUM ORDER

This matter is before the Court on the motion of Mark L. Milligan ("Milligan") to set aside a Stipulation of Dismissal with prejudice that was entered in this case on September 2, 1993. For the reasons set forth below, the motion is denied.

### FACTS

Mark Milligan acted as counsel for the plaintiffs Rayya and David Abdallah ("the Abdallahs") in the above-captioned medical malpractice action from February 1987 until approximately July 1992. At that time, the Abdallahs evidently retained different counsel to pursue an appeal from this Court's order dismissing the Abdallahs' claims. In June 1993, the Third Circuit vacated the District Court's order with respect to three of the four counts of the complaint and remanded for further proceedings. Three months later, the parties apparently agreed to settle. Accordingly, they entered a Stipulation of Dismissal with prejudice which was signed by Magistrate Judge Jeffrey Resnick.

Milligan now seeks to set aside that order because no provision was made for payment of his fees and for satisfaction of an attorney's lien he filed in this Court on April 29, 1993. Instead, the entire settlement amount has been paid to the Abdallahs who have not paid Milligan the $37,585.97 plus interest as of June 21, 1992 that he alleges is owed to him.[1]

## DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[2]

It is beyond dispute that Milligan is not a party in the instant action. Thus, this Court could grant Milligan's motion only if it determines that he is "a party's legal representative." In one of the relatively few cases on point, the Tenth Circuit has stated that, under rule 60(b), a legal representative "is one who by operation of law is tantamount to a party in relationship to the matter involved in the principal action." Western Steel Erection Co. v. United States, 424 F.2d 737, 739 (10th Cir. 1970); see also Mobay Chemical Co. v. Hudson Foam Plastics Corp., 277 F. Supp. 413, 416 (S.D.N.Y. 1967) ("the phrase 'legal representative' as used in Rule 60(b) does not

---

[1] Milligan's claim is based upon the terms of a retainer agreement signed by the Abdallahs. In addition, Milligan has asserted that during the period when he represented the Abdallahs, he had obtained a standing settlement offer of $100,000.

[2] Milligan has not indicated which of these subsections he relies upon for relief.

include legal counsel within the context of the attorney-client relationship, and, therefore, cannot provide a basis of standing for [an attorney]"). As the Tenth Circuit has explained, "[i]f the threshold bar were not restricted, rule 60(b) could be opened to the broadest claims of ancillary jurisdiction and thereby thwart the finality of principal judgments . . . ." Western Steel, 424 F.2d at 739.

In this case, Milligan is not standing in the shoes of his former clients, the Abdallahs. Quite to the contrary, he has become their adversary. Regardless of the validity of his claim for compensation, no basis has been presented which would authorize this Court to vacate the stipulated agreement of the parties to dismiss the case with prejudice, void the settlement, and reopen the action at the behest of a non-party. See Ratner v. Bakery and Confectionery Workers Int'l Union, 394 F.2d 780 (D.C. Cir. 1968).[3]

## CONCLUSION

Accordingly, it is hereby

ORDERED that Milligan's Motion to Set Aside Dismissal is DENIED; and it is further

ORDERED that the Cross-Motion for Award of Attorney's Fees pursuant to 28 U.S.C. § 1927 is DENIED.

---

[3] This Court has located only one case where a motion by an attorney to set aside a judgment was granted. See Heist v. Jacob, 627 F. Supp. 224 (S.D. Ohio 1985). Heist is inapposite, however, because the court reasoned that the amount it had previously awarded for attorney's fees and costs was analogous to a common fund:

It is uncontroverted in the present case that Mr. Rubin rendered legal service that helped to create the fund herein. He was a party to the decision, relief from which his motion is directed. His Motion for Relief from Judgment is based upon rights vested in him, not his client, and therefore he has standing to enforce those rights.

Id. at 226. The Stipulation of Dismissal here explicitly states that "[a]ll parties shall bear their respective costs and legal fees" and there is no fund for the direct benefit of Milligan or any other present or former counsel. Accordingly, the rationale employed by the Ohio district court does not supply a basis for setting aside the judgment in this case. See also Foster v. Board of Trustees of Butler County Community College, 771 F. Supp. 1118 (D. Han. 1991) (refusing to apply Heist when no common fund had been created).