NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2361
_____

In Re: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY
LITIGATION

JOHN LORENTZ
                                   Appellant


_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 2:12-md-02323)
District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 24, 2019
_____

Before: GREENAWAY, JR., PORTER, and GREENBERG, *Circuit Judges*.

(Filed: October 31, 2019)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

In the words of Intervenor-Appellant John Lorentz, this case stems from "a simple contract dispute[.]" Appellant's Br. 1. And for that reason, and as discussed below, we will affirm the District Court's Order. In doing so, however, we also clarify that the denial of Lorentz's request for a portion of common benefit fees is without prejudice for lack of jurisdiction.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Factual background

This case boils down to an alleged breach of an oral contract regarding an attorney referral fee agreement. Intervenor-Appellant John Lorentz claims that, in 2011, he was contacted by a partner from Anapol Weiss, LLP, a law firm that was seeking class representatives for a then-upcoming class action against the National Football League ("NFL"). Lorentz, a lawyer who represents retired NFL players, alleges that Anapol Weiss promised him "a referral fee equal to one-third of any fee that Anapol [Weiss] earned in consideration for the referral of former NFL players who would serve as class representatives." Appellant's Br. 1. This initial, alleged oral promise was never reduced to writing, and Anapol Weiss denies that such an agreement ever existed.[1]

It is undisputed that Lorentz referred certain retired NFL players to Anapol Weiss. It is also clear that Anapol Weiss was a law firm that represented plaintiffs in the class

---

[1] In addition to this alleged oral agreement, there were written contingent fee agreements entered into by Anapol Weiss and several players Lorentz referred to Anapol Weiss for the litigation. These written contingent fee agreements are not at issue in this appeal.

action, MDL No. 2323, *In Re: National Football League Players' Concussion Injury Litigation* ("*In re: NFL*"), and that an Anapol Weiss partner, Sol Weiss, served as Co-Lead Class Counsel. Lorentz, however, was never class counsel, and his tangential role in the litigation was limited to the referral of certain retired NFL players to Anapol Weiss. Yet, due to the alleged oral agreement, when *In re: NFL* settled, Lorentz contacted Anapol Weiss to collect his "one-third share of the common benefit fees Anapol [Weiss] received."[2] Appellant's Br. 13. When Anapol Weiss denied Lorentz's request, this suit followed.

## B. Procedural history

On January 31, 2012, the United States Judicial Panel on Multidistrict Litigation created MDL No. 2323, which aggregated and centralized lawsuits brought by former NFL players for head injuries sustained while playing NFL football. On April 22, 2015, the District Court certified a class and approved a Settlement Agreement between the parties in *In re: NFL*. On April 18, 2016, we affirmed the District Court's approval. *See In re Nat'l Football League Players Concussion Injury Litig.*, 821 F.3d 410 (3d Cir.

---

[2] On April 5, 2018, the District Court ordered that class counsel in *In re: NFL* would be awarded $106,817,220.62 in attorneys' fees and $5,682,779.38 in costs (totaling $112.5 million). The District Court's Order was in accordance with the common benefit fund Memorandum issued that same day. The Memorandum focused on attorneys' fees, and in part, "the total amount for the common benefit fund[,]" and "the allocation of the common benefit fund among Class Counsel." Docket 9860, at 1. The fees that were ultimately awarded to Anapol Weiss was an apportionment from the common benefit fund. As his briefing makes clear, Lorentz "did not ask the court to award him a portion of the common benefit fees the court awarded to class counsel. Lorentz was seeking a determination whether Anapol [Weiss] breached its agreement to share with him one-third of the common benefit fee award[.]" Appellant's Br. 10.

2016).  On January 7, 2017, the Settlement Agreement became effective, and Anapol

Weis was ultimately awarded $4,643,590.00 in attorneys' fees from the common benefit

fund.  Lorentz received no part of the fee Anapol Weiss obtained based on the Settlement

Agreement.

After attempting to resolve his dispute with Anapol Weiss informally—regarding

the allegedly breached oral promise—on March 9, 2017, Lorentz filed a Motion to

Intervene to Resolve Fee Disputes with Anapol Weiss in *In re: NFL*.  Subsequently,

Lorentz filed a Motion to Supplement Motion to Intervene, appended with a Petition to

Adjudicate Fee Disputes with Anapol Weiss.

In his Petition, Lorentz requested that the District Court enter an Order:

> a. Finding that Lorentz is entitled to a one third share of all
> common benefit fees to be awarded to the Anapol firm in this
> case;
> b. Finding that Lorentz is entitled to 50% of any fees received
> by the Anapol firm from settlements of claims on behalf of
> the individuals Lorentz referred to the firm;
> c. Awarding Lorentz damages for the loses he has sustained
> as a result [of] the Anapol's firm failure to actively pursue the
> claims of individuals Lorentz referred to the firm; and
> d. Granting such other or further relief as the Court deem[s]
> just.

App. 38-39.

The District Court granted Lorentz's Motion to Intervene, denied his request for a portion

of the common benefit fees, and ordered that "[a]ny remaining requests regarding the

portion of individual attorney's fees payable to" Lorentz were denied "without prejudice

and must be raised as attorney's liens (*see* ECF No. 9760)." App. 3.[3] Lorentz filed a timely Notice of Appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review a district court's exercise of jurisdiction pursuant to 28 U.S.C. § 1291. *In re Cmty. Bank of N. Va. Mortg. Lending Practices Litig.*, 911 F.3d 666, 670 (3d Cir. 2018). We review a district court's decision regarding its exercise of jurisdiction de novo. *Id.* Here, the issue we must resolve is whether the District Court properly declined to exercise ancillary jurisdiction over Lorentz's breach of contract claim.[4]

## III.  ANALYSIS

We need not reach the merits of Lorentz's appeal—whether he "pled a credible, cognizable claim for a share of [Anapol Weiss's] fees" (Appellant's Br. 10)—because the District Court did not have ancillary jurisdiction to decide his breach of contract claim, and it was thus proper for the District Court to dismiss Lorentz's fee dispute petition.

"Federal courts are courts of limited jurisdiction." *In re Cmty. Bank*, 911 F.3d at 670 (internal citation and quotation marks omitted). Typically, federal courts' jurisdiction arises from either federal question or diversity jurisdiction; though, federal courts may also assert ancillary jurisdiction "'(1) to permit disposition by a single court

---

[3] On October 10, 2018, Lorentz filed a Notice of Attorney's Lien, which remains pending. Docket 10293.

[4] This Court uses the terms ancillary jurisdiction and supplemental jurisdiction interchangeably. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC.*, 438 F.3d 298, 309 (3d Cir. 2006).

of claims that are, in varying respects and degrees, factually interdependent and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Id.* at 671 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).   Indeed, the practical basis for ancillary jurisdiction is "to protect legal rights or effectively to resolve an entire, logically entwined lawsuit." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (internal citation and quotation marks omitted).

Here, as a practical matter, Lorentz's breach of contract claim was not factually interdependent with the underlying claims in *In re: NFL*:  The District Court did not need to resolve Lorentz's claim to function successfully, and Lorentz's claim was not logically entwined with *In re: NFL*.  Indeed, Lorentz notes that he "was not class counsel [in *In re: NFL*] nor was he seeking an award of common benefit fees from the district court[,]" rather, he was seeking a separate "determination whether Anapol [Weiss] breached its [alleged oral] agreement to share with him one-third of the common benefit fee award Anapol [Weiss] received." Appellant's Br. 3, 10.  Lorentz's breach of contract claim was thus wholly independent from *In re: NFL*.

Additionally, we have found that ancillary jurisdiction does not extend to the resolution of post-settlement fee disputes between attorneys when only one party was an attorney of record, *In re Cmty. Bank*, 911 F.3d at 672–73, and as such, the District Court did not have ancillary jurisdiction over Lorentz's breach of contract claim as he was not an attorney of record.  While the District Court arguably retained ancillary jurisdiction to enforce the *In re: NFL* settlement agreement—between attorneys of record—it arguably

5

could not retain ancillary jurisdiction to hear a separate breach of contract claim relating to a non-settlement agreement issue, an alleged oral promise.[5] *See also Raab v. City of Ocean City,* 833 F.3d 286, 294 (3d Cir. 2016) (explaining that a federal district court may retain ancillary jurisdiction over a settlement agreement, if the terms of the settlement agreement are part of a dismissal order, for purposes of enforcing the agreement).

Further, Lorentz is not, nor could he be deemed to be, a "settling plaintiff." *Raab*, 833 F.3d at 294. As he notes, he "was seeking a determination of whether Anapol [Weiss] breached its agreement to share with him one-third of the common benefit fee award Anapol [Weiss] received." Appellant's Br. 10. He was not seeking enforcement of the settlement agreement, nor was he "seek[ing] a part of that fund, [because he] ***could not possibly be entitled a direct share of the common benefit fee (he was not class counsel, for one)***[.]" Appellant's Br. 14 (emphasis added). "All that was at issue was the [alleged] agreement between the parties." Appellant's Br. 14. Accordingly, although district courts can have ancillary jurisdiction over attorney fee disputes, because this was a "simple" and separate contract dispute, such jurisdiction does not exist here.

---

[5] The Class Action Complaint was "dismissed with prejudice . . . except that motions for an award of attorneys' fees and reasonable incurred costs, as contemplated by the Parties in Section 21.1 of the Settlement Agreement, may be filed at an appropriate time to be determined by the Court, after the Effective Date of the Settlement Agreement." Docket 6534, ¶ 15. As such, the District Court retained "continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Settlement Agreement, and to implement and complete the claims administration and distribution process." Docket 6534, ¶ 17. The District Court also retained continuing jurisdiction over "qualified settlement funds" that were established under the settlement agreement. Docket 6534, ¶ 17.

Appellant's Br. 1. *Compare Novinger v. E.I. DuPont de Nemours & Co.*, 809 F.2d 212, 217 (3d Cir. 1987) (finding ancillary jurisdiction existed over a fee dispute between clients and former counsel, as the resolution of the fee dispute bore "directly upon the ability of the court to dispose of [the] case[] before it in a fair manner"), *with In re Cmty. Bank*, 911 F.3d at 672–73 (declining to extend ancillary jurisdiction to a post-settlement fee dispute between two attorneys, only one of whom was an attorney of record, and when the fee dispute would not enable the court to resolve the underlying action over which it had proper jurisdiction) (citing *Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981)).

The District Court's denial of Lorentz's request for a portion of common benefit fees was clearly based on a lack of jurisdiction. Indeed, the District Court's admonition in its Order that "[a]ny remaining requests regarding the portion of individual attorney's fees" must be raised as attorney's liens implies that the District Court was noting that avenue as the appropriate method for raising individual attorney's fees disputes. App. 3. The District Court's Order thus did not reach the merits of Lorentz's claim; therefore, the denial of the common benefit fee request was without prejudice for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, we will affirm the District Court's May 21, 2018 Order, noting that the denial of the request for a portion of common benefit fees was without prejudice to the filing of a plenary action in a court with jurisdiction.

7